UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TAMMY POWERS,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-321

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

_____

**REPORT AND RECOMMENDATION[1] THAT: (1) THE NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

_____

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI") and/or Disability Insurance Benefits ("DIB").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13), the administrative record (doc. 6),[3] and the record as a whole.

**I.**

**A.**    **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of August 15, 2013. PageID 40. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, joint disease and one or more malignant melanomas. PageID 42.

After an initial denial of her applications, Plaintiff received a hearing before ALJ Robert M. Senander on October 27, 2015. PageID 62. The ALJ issued a written decision on April 15, 2016 finding

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.1520 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.
[3] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

Plaintiff not disabled. PageID 40-50. The ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[4] "there are jobs that exist in significant numbers in the national economy that [she] can perform[.]" PageID 44-50.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 29-33. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B.     Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 40-50), Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 12), and Plaintiff's reply (doc. 13). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A.     Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists

---

[4] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.      "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio

2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

On appeal, Plaintiff argues that the ALJ erred in: (1) evaluating the opinion of her treating psychiatrist, Julie Gentile, M.D.; (2) evaluating the opinions of her non-treating and non-examining reviewing physicians; (3) assigning inappropriate weight to those state agency consultants' opinions; and (4) posing incomplete and/or inaccurate hypotheticals to the Vocation Expert ("VE").[5] PageID 1129. In accordance with Plaintiff's second and third arguments, the Court finds that the ALJ erred in assessing the non-treating medical opinions of record. Although the Court does not address Plaintiff's remaining two arguments, the Court directs that Plaintiff's first and fourth argument be addressed by the ALJ on remand.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinions must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the

---

[5] In Plaintiff's alleged errors 1-3, Plaintiff argues that the ALJ failed to appropriately consider evidence of her mental impairments. To the extent that Plaintiff failed to raise issues before this Court regarding her physical impairments, such arguments are waived. *See Dyamond v. Comm'r of Soc. Sec.,* No. 3:13–cv–117, 2014 WL 294464, *2 (S.D.Ohio Jan.27, 2014) (stating that "[f]ailure to raise an issue in the Statement of Errors constitutes waiver of any additional claim") (citing *Heston v. Comm'r of Soc. Sec*., 245 F.3d 528 (6th Cir.2001)).

frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

At issue here are the opinions of two state agency physicians, Jerry Flexman, Ph.D., and Ermias Seleshi, M.D. Dr. Flexman examined Plaintiff and opined that she was not limited in her ability to remember and carry out instructions, maintain attention, or respond appropriately to supervision or work pressures. PageID 374-81. Similarly, Dr. Seleshi reviewed Plaintiff's medical records and concluded that she had no severe mental impairments and only mild limitations in the areas of social functioning, daily living, and maintaining concentration. PageID 116-28. In affording "great weight" to the opinions of Dr. Flexman and Dr. Seleshi, the ALJ cited the doctors' knowledge and experience and found their opinions consistent with the medical evidence of record as a whole. PageID 134. Contrarily, the ALJ afforded limited weight to the opinion of Julie Gentile, M.D., Plaintiff's treating physician, who concluded that Plaintiff would have marked limitations[6] and would not be able to sustain competitive employment. PageID 531-34, 690-93.

Where, as here, a treating source's opinion is discounted in favor of a conflicting non-treating opinion, the non-treating physician "must have had the benefit of a review of the entire record and clearly explain the reasons for his [or her] difference of opinion." *Ward v. Astrue*, No. 09–199–GWU, 2010 WL 1038198, at *3 (E.D. Ky. Mar. 18, 2010); *see also Ott v. Comm'r of Soc. Sec.*, No. 1:08–cv–399, 2009 WL

---

[6] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), "marked" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

3199064, at *8 (S.D. Ohio Sept. 29, 2009); *Hale v. Comm'r of Soc. Sec.*, No. 3:13-CV-195, 2014 WL 7176476, at *6 (S.D. Ohio Sept. 26, 2014). It was impossible for the state agency physicians to comply with these regulations. Drs. Flexman and Seleshi could not have reviewed the entire record, much less explain the reasons for the divergence from Dr. Gentile's opinion, because Dr. Gentile's opinion was not yet in existence at the time of their review.[7] PageID 374-81, 116-28. Indeed, Dr. Gentile did not begin treating Plaintiff until well after Dr. Flexman examined Plaintiff and concluded that she had no severe mental impairments. PageID 531-34, 690-93, 888-920. The gap in the state agency physicians' review is especially important where, as here, the more contemporary evidence may make the previous opinion "untenable." *Compare* PageID 531-34 (Dr. Gentile noting marked impairments in various functioning abilities in August 2014) *with* PageID 531-34 (Dr. Flexman generally finding no impairments in Plaintiff's functioning abilities in November 2013). *Kelly ex rel. Hollowell v. Comm'r of Soc. Sec.*, 314 F. App'x 827, 831 (6th Cir. 2009).

The ALJ may, nonetheless, afford weight to the opinions of those non-treating physicians who have not reviewed the entire record, but "the ALJ 'must give some indication' that he [or she] 'at least considered' that the source did not review the entire record[,]'" *i.e.*, "the record must give some indication that the ALJ subjected such an opinion to scrutiny." *Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 632 (6th Cir. 2016) (*quoting Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009)) (internal citations omitted). But here, the ALJ gave no such indication. Instead, the ALJ summarily asserted that the opinions of the state agency physicians were consistent with the evidence as a whole, but failed to recognize that neither physician had an opportunity to review the evidence as a whole. PageID 48. Because the ALJ did not subject the state agency opinions he relied on to the requisite scrutiny, the resulting non-disability finding is unsupported by substantial evidence.[8] *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th

---

[7] Dr. Flexman authored his opinion on November 27, 2013 and Dr. Seleshi, on July 25, 2014. PageID 374-81, 116-28. Dr. Gentile did not submit her final treating records and opinions until September of 2015. PageID 531-34, 690-93, 888-920.

[8] The undersigned notes that if, upon remand, the ALJ finds that he cannot afford appropriate weight to the opinions of Dr. Flexman, Dr. Seleshi, nor Dr. Gentile, the ALJ may need to employ a Medical Examiner to review Plaintiff's record to aid in his mental impairment determination.

Cir. 2009) (finding inexcusable error where the ALJ relied on the opinion of a non-treating physician who did not review Plaintiff's complete record); *Shook v. Comm'r of Soc. Sec.*, No. 3:17-CV-319, 2018 WL 2440688, at *3 (S.D. Ohio May 25, 2018) (finding the ALJ's non-disability finding unsupported by substantial evidence because the ALJ's RFC was based on the opinion of a non-treating physician who did not review the entire record).

## IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). In this instance, evidence of disability is not overwhelming, and remand for further proceedings -- as specifically set forth above -- is proper.

## V.

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case be **CLOSED**.

Date:   November 20, 2018               s/ Michael J. Newman
                                                                              Michael J. Newman
                                                                              United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).